## THURSTON v. ARNOLD.

1. **Contract**: SPECIFIC PERFORMANCE: EVIDENCE. Extrinsic evidence is admissible to show that time was intended to be of the essence of the contract.

2. ———: ———: ———. While equity presumes that the time of performance named in the contract is not essential, yet this presumption may be rebutted by parol evidence.

3. ———: ———: EQUITY. An application to enforce specific performance must always be directed to the sound discretion of the chancellor, and it will be granted or refused as the equities of the case may require.

| 43 | 43 |
| 87 | 44 |
| 43 | 43 |
| 96 | 590 |
| 43 | 43 |
| 127 | 277 |
| 43 | 43 |
| 134 | 464 |
| 43 | 43 |
| 143 | 70 |

*Appeal from Scott District Court.*

TUESDAY, APRIL 18.

ON the 15th day of August, 1872, the plaintiff and defendant, Wm. S. Arnold, entered into a written contract by which said Arnold agreed to convey to plaintiff his farm of 120 acres, in Scott county, Iowa. In consideration therefor the plaintiff, Thurston, agreed to pay said Arnold $1,200 on or before September 2, 1872, and $300 at the time possession of said farm should be delivered; and also to convey, or cause to be conveyed, to said Arnold about seven hundred and eighteen (718) acres of land in Wayne county, Missouri. Arnold was to surrender possession of his farm on or before the 15th day of October, 1872.

The plaintiff brings this action in equity to compel a specific performance, or for damages, alleging a failure on the part of Arnold to comply with and perform his said contract. Arnold answers, denying the alleged failure, and alleges that the plaintiff failed to perform the contract on his part.

The cause was referred to Hon. Jno. N. Rogers to try and determine. The referee reported that there was no equity in plaintiff's case, and that judgment should be entered dismissing the petition, with costs; which was accordingly done, and the plaintiff appeals. The further facts necessary to a fair understanding of the points involved in the case will be found in the opinion.

*D. B. Nash* and *Cook, Richman & Bruning,* for appellant.

Courts of equity will relieve against any technical forfeiture by reason of a failure of strict compliance in point of time in a contract for conveyance. (Fry on Sp. Perf., §§ 3, 708–9–10–11–12; 2 Story's Eq., § 775.) In equity time will be considered of the essence of the contract only in cases of direct stipulation, or necessary implication. (*Parkins v. Thorald,* 16 Beavan, 59.) Courts look to the situation of the parties to enable them to construe doubtful or ambiguous words, although parol evidence of the intention of the parties would not be admissible. (1 Sugden on Vendors, pp. 209–10.) Parol evidence which goes to substantially alter a written agreement, cannot be received in equity any more than at law. (1 Sug. on Vend., p. 180.) Parol evidence of the prior negotiations of the parties is never admissible to modify a written contract, in the absence of fraud or mistake. (*Omerod v. Hardam,* 5 Ves., 722; 1 Story's Eq., § 770.) If the vendor is able to complete the title at any time prior to the rendition of the decree for specific performance, it is sufficient. (*Dressel v. Jordan,* 104 Mass., 407; 1 Story's Eq., § 777.) The plaintiff should not be denied specific performance because he cannot make a good title at the time the contract ought to have been carried into execution. (6 Ves., 202.) A decree for specific performance ought to be granted when the contract is in writing, is certain, fair and for an ade-

quate consideration. (1 Story's Eq., § 751.) The only injury to be recognized by a court of equity as being an equitable circumstance in favor of either party, must be one arising out of the property covered by the contract. (*Dressel v. Jordan*, *supra;* 7 Vesey, 272.) When time is not originally of the essence of the contract, the one party may fix a reasonable limit within which the other shall perform his part. (Fry on Sp. Perf., § 722–3–8–9; *Dressel v. Jordan, supra; Parkins v. Thorald, supra*.)

*W. A. Foster*, for appellee.

Time may be made the essence of the contract by implication from the nature of the property or the avowed objects of the seller or purchaser. (*Taylor v. Longworth et al.*, 14 Pet., 172; *Garretson v. Van Loon*, 3 G. Greene, 128.) Parol evidence is admissible to confirm a written contract, by showing extrinsically that it means what it says—to rebut an equity arising on the face of the instrument not in accordance with its literal terms. (1 Greenl. on Ev., § 296.)

ROTHROCK, J.—I. We have carefully read and considered the evidence in the case. It is voluminous, and a review of it here would serve no useful purpose. We believe that the referee's findings of fact are fully sustained by the evidence. It is perhaps proper to say that the written contract by its terms did not make time as of its essence, but provided generally that the $1,200 was to be paid on the second day of September, 1872. The plaintiff endeavored to show that there was a subsequent parol extension of time. The referee, as we think, properly found that there was no such extension, but that defendant insisted on a compliance at the time fixed, and that his situation with reference to other important business interests required that the payments should be promptly made. It further appears that the contract on plaintiff's part was a mere speculation; that he did not have title to the Missouri land, and did not have any means to pay the $1,200, and relied on a re-sale of defendant's farm at an advance to pay

for the Missouri land, that he did not succeed in making a re-sale by the time fixed for performance, but afterward, by taking in a partner in the speculation, raised the money and procured a deed, and tendered performance on the 17th day of September, 1872; which tender the defendant refused. These are the important features of the case. There are many other facts which we do not deem it necessary to refer to.

Among the findings of the referee is the following:

" I further find from the testimony in the cause, independent of what appears on the face of the written contract between Thurston and Arnold, that the time therein fixed for payment of the consideration by Thurston to Arnold was understood and intended by the parties to be ' of the essence of the contract.' I am of opinion that, as matter of law, evidence extrinsic to the written contract is competent to prove such intention and understanding."

Counsel for plaintiff insist that extrinsic evidence is not competent for such purpose, for the reason that it varies and 1. CONTRACT: modifies the terms of the written contract. The specific per-formance: contract provides for the payment to be made evidence. on a day certain, and extrinsic evidence, consisting of the acts, statements and the verbal negotiations of the parties, showing that the time was intended to be essential, does not contradict or vary the writing, but rather confirms it, by showing that it means just what its terms provide. 1 Greenleaf Ev., Sec. 296; 3 Id., Sec. 366, and cases there cited.

Time may be made the essence of the contract by the express stipulation of the parties, or it may arise by implication from the very nature of the property, or the avowed objects of the seller or purchaser. *Taylor v. Longworth*, 14 Pet., 172, and see, also, *Gray v. Daniels*, 2 Iowa, 126.

Equity will not ordinarily regard time as of the essence of the contract in a sale of real estate. At law such contracts 2. ——: ——: are treated as other contracts, and in order to ——. maintain an action the plaintiff must show performance or readiness to perform at the time fixed, unless performance be waived by the other party. Equity presumes that the time named in the contract was not intended as

essential by parties. This, however, is such a presumption as may be rebutted by parol evidence.

II. An application to enforce the specific performance of a contract is always addressed to the sound discretion of the chancellor, guided and governed by the general rules and principles of equity jurisprudence. In such cases relief is not a matter of right in either party, but it is granted or withheld according to the circumstances of each case when such rules or principles will not furnish any exact measure of justice between the parties. If, in the judgment of a court of equity, good faith and justice between the parties will be attained by enforcing the contract, the failure to perform, or of a readiness to perform, at the precise time fixed, will not prevent its enforcement. In this case, we are satisfied, equity will be better subserved by denying specific performance, than by granting it; and these considerations are independent of any question as to the right of defendant to show by parol evidence that time was intended to be the essence of the contract.

The evidence satisfies us that it would be grossly inequitable to compel defendant, Arnold, to now perform, or to make compensation for inability to do so, finding, as we do, from the evidence, that on the day fixed he was ready and willing to perform, and was prevented from doing so by plaintiff's default.

AFFIRMED.