## POLAND PAPER CO. *v.* FOOTE & DAVIES CO.

1. Mere acceptance of goods is not a waiver of damages for delay in shipment.
2. A new contract for the purchase and sale of the same article, when fully executed, may be a satisfaction of the former agreement.
3. Where goods are shipped after the time stipulated, and the seller stops the same in transitu, and refuses to deliver unless paid in cash less four per cent. discount on the invoice price, instead of on credit at four months as originally agreed, and the buyer assents, pays the new price, and receives the goods without reserving the right to sue for damages for the delay, full performance and execution of the second contract amounts to a waiver of damages for a breach of the former.

Argued July 7,— Decided August 12, 1903.

Action for breach of contract.   Before Judge Reid.   City court of Atlanta.   December 11, 1902.

The Foote & Davies Company sued the Poland Paper Company for damages on account of the alleged breach of a contract for the sale and delivery of a car-load of paper.   The petition alleged, that on October 6, 1899, the defendant contracted to sell the paper " for the sum of $1,987.02, f. o. b. at Mechanics Falls, Maine, to be shipped in one month, and to be paid for in four months from receipt of goods;" that, in violation of the contract, the defendant failed and refused to ship the paper until December 30, 1899, and it did not reach its destination, Atlanta, Georgia, until January 17, 1900; that, because of the delay in shipment, the plaintiff, in order

to carry out contracts made when this contract was entered into, was forced to go into the market and buy paper at prices higher than the contract price, prices having risen after the contract was made; that when the paper reached Atlanta, the defendant, in violation of the contract, refused to permit the railroad company to deliver it unless the plaintiff would pay the agreed price, less the discount, in cash, though the plaintiff was perfectly responsible and solvent; and the plaintiff, not expecting to have to pay this amount at that time, but being compelled to have the paper to prevent further and greater loss in its business, was put to the extremity of paying $100 to get the money; and that by all of said wrongful acts the plaintiff was damaged in the sum of $500. The defendant in its answer averred that there was no contract to ship in one month, but that the agreement was made " subject to conditions beyond [its] control;" and that delivery within that time was prevented by such conditions, the delay being caused by low water, which was unlooked for and unprecedented, and which prevented the manufacture of the paper. There was also a plea which the court struck, on demurrer, on the ground that it constituted no defense to the action. This plea was, that " the plaintiff ought not to have and maintain said action against this defendant, because, on or about the 20th day of January, 1902, this defendant and the said plaintiff entered into a new contract in reference to the sale and purchase of said paper, the subject-matter of the plaintiff's said action, by the terms of which the said plaintiff agreed to receive said paper and to pay this defendant in cash therefor the sum of $1,987.02, less four per cent. discount, and that the said plaintiff did pay said amount, to wit $1,907.54, to this defendant, in accordance with the terms of said new agreement, and this defendant did deliver said paper to the said plaintiff. Wherefore this defendant says that if the said plaintiff had any cause of action against it by reason of the alleged breach of said contract, the same was fully discharged and settled by said new agreement, and by the acceptance of said paper and paying for the same according to the terms thereof."

At the trial the defendant offered testimony "to the effect that, after the car-load of paper had arrived in Atlanta, the Poland Paper Company refused to allow the railroad company to deliver it to the Foote & Davies Company, unless the Foote & Davies Company would pay cash for the same, less four per cent. discount from the

invoice price, having stopped the same in transit for what they deemed good and sufficient reasons, and that the Foote & Davies Company agreed to these terms and wired the Poland Paper Company that they would pay cash less four per cent. discount if the Poland Paper Company would allow the paper to be delivered to them on these terms; that the money was paid to a bank designated by the Poland Paper Company, and after this was done the Poland Paper Company permitted the Foote & Davies Company to receive said car-load of paper.    This evidence was in the form of a telegraphic correspondence between the Foote & Davies Company and the Poland Paper Company, which was identified by the witness." The court excluded this testimony as irrelevant.    The trial resulted in a verdict for the plaintiff.    The defendant excepted, assigning as error the striking of the plea and the exclusion of this testimony; also the overruling of a demurrer to the declaration and the refusal to reject, as hearsay, testimony of officers of the plaintiff to the effect that in November and December, 1899, the market value at Mechanics Falls, Maine, of paper of the kind in question (the contract price of which was 4½ cents per pound) was 6 and 5½ cents. The judgment is reversed, " because the court struck the plea and excluded the evidence."

*W. R. Hammond* and *L. P. Skeen,* for plaintiff in error.
*Charles W. Smith* and *Arminius Wright,* contra.

LAMAR, J.    Whether acceptance of goods is a waiver of damages for delay in delivery is a matter about which the authorities are in great conflict.    See 54 L. R. A. 718, note.    Some hold that, unless there is a reservation of the right to sue, the acceptance after the time fixed for delivery may be considered as evidence that the damages have been waived.    Other courts, with this, rule that mere acceptance does not work such a result.    *Van Winkle* v. *Wilkins,* 81 *Ga.* 104.    But if the parties so intend, a new agreement may operate as a discharge of the old contract, and such discharge will be effected, even if nothing is said as to such being the intention, where the new agreement is founded on a new consideration.    Civil Code, § 3732.    Here the buyer got the same paper at a different date, and the seller a slightly reduced rate from that fixed by the contract, although the paper at the time was worth nearly fifty per cent. more than the contract price.    There being no reservation of

the right to sue for damages for the delay in delivery, the full performance of the new agreement by the seller, and the acceptance by the buyer operated as a discharge of the prior undertaking. *Jones* v. *Grantham*, 80 *Ga.* 472 (4). Where a seller refuses to deliver goods ordered, or to perform the contract, unless the buyer will pay a higher price than that originally named; and the buyer consents to pay and actually does pay the advanced price on delivery of the goods, he can not maintain an action against the seller for breach of the original contract. The new agreement is a substitute for the old, and operates as a rescission or discharge, and takes the place of the original agreement as to everthing thereunder remaining unperformed.　　See Rogers *v.* Rogers, 139 Mass. 444 (where there were to be successive deliveries, and breach during the contract period); Cornish *v.* Suidam (Ala.), 13 So. 118 (where the new contract was made after a complete breach, and damages therefor were not allowed).　　In *Erwin* v. *Harris*, 87 *Ga.* 333, only part of the goods were received by the buyer, and the broker, not the seller, made a new disposition of a portion of them.

The exact market price on January 17, 1900, when the goods reached Atlanta, does not appear, though it is fairly inferable from the record that it was considerably more than the contract price of four and a half cents per pound.　Damages are not awarded as a punishment to the defendant, but to compensate the plaintiff, to save him harmless, and to enable the buyer, with the damages awarded, to go into the market and purchase at the higher price the same goods which the seller had agreed to deliver at a lower sum.　Civil Code, § 3794.　When, therefore, the purchaser got paper worth six cents by the payment of four and a half cents per pound, less a discount at a rate greater than lawful interest, it not only received all that it was entitled to under the original agreement, but also that which compensated it for damages in the delay.　To make the seller deliver six-cents paper at a four and a half cents rate, and then to require it to pay damages in addition, nearly doubles its liability and loss.　If Foote & Davies Company had a perfect claim for damages, and in order to secure the paper had agreed to pay more than the contract price of $1,987.02, and had thereafter been sued on such promise, they might have defended on the ground that the new promise was without consideration; that they had received only what had been bargained to them at

a lower price; and that the increased amount was a pure gratuity. Civil Code, § 3641; *Davis* v. *Morgan*, 117 *Ga.* 505.     But that case distinctly recognizes that there may be a rescission of the old contract by mutual consent, and that a new contract with new terms may be made,     *Judgment reversed.     By five Justices.*