H. H. ROBINSON, Appellant, v. SIDNEY LUTHER.

Specific performance: COMPENSATION IN DAMAGES. Specific performance of a contract will not lie where compensation in damages will afford adequate relief.

Same: DISCRETION: CONSIDERATION. Specific performance rests largely in the discretion of the court and will not be decreed except upon an application based on a valuable consideration.

Trial: TRANSFER OF CAUSES. Where the pleadings do not present a case for the specific performance of a contract the court may transfer it to the law calendar for trial.

*Appeal from Boone District Court.*— HON. J. R. WHITAKER, Judge.

MONDAY, NOVEMBER 19, 1906.

REHEARING, MONDAY, MAY 20, 1907.

SUIT in equity to compel the specific performance of a contract, or, in lieu thereof, to recover damages.— *Affirmed.*

*D. G. Baker,* for appellant.

*Dyer & Hull,* for appellee.

SHERWIN, J.— This action was brought in equity to compel the specific performance of a contract; the petition in the first count thereof alleging that the parties entered into an oral contract by the terms of which the defendant agreed to do certain tiling on his own land for the purpose of furnishing the plaintiff an outlet for the water from his land; and the second count alleging that, in 1885, the grantors of the parties agreed to, and did in fact, construct an open ditch along the same course, which ditch the defendant has permitted his stock to fill and destroy. The plaintiff asks that

the defendant be required to construct the tile drain as per contract, or, if such relief be denied, that he be given the right to construct an open ditch upon the defendant's premises. The plaintiff also asks damages. On motion of the defendant the case was transferred to the law calendar, and the appeal is from that order.

It is a general rule that equity will not enforce the specific performance of a contract where compensation in damages will constitute adequate relief. *Richmond v. D. and S. C. R. Co.,* 33 Iowa, 422; Bispham's Prin. of Equity, section 364.

And it is a further fundamental rule that specific performance rests in the judicial discretion of the chancellor, and that the remedy of specific performance will not be administered save upon an application that is based on a valuable consideration. *Thurston v. Arnold,* 43 Iowa, 43; *Shaw v. Livermore,* 2 G. Greene, 338; *Harper v. Sexton,* 22 Iowa, 442.

It is manifest that the petition as a whole does not present a case for the interposition of equity. It is to be gathered therefrom that there had been an open ditch which had theretofore served the purpose for which the tile drain was intended, but that its effectiveness had been destroyed by the defendant's stock. So far, then, as that branch of the case is concerned, specific performance is clearly not the plaintiff's remedy because the petition alleges that the contract for the ditch was, in fact, fully performed. If the ditch when open, served the same purpose that the tile drain would serve, equity should not compel the defendant to tile the ditch at great expense for the sole benefit of the plaintiff. By the terms of the agreement to tile, the plaintiff was to tile about sixty rods on the defendant's land, and he alleges as the principal ground for specific performance that he bought material for the purpose of carrying out his part of the contract, but, if he did so, that alone would not entitle him to specific performance. The naked right to enter upon

the land of the defendant would amount to no more than a revocable license, and the mere purchase of material for which he could be fully compensated in a law action would not convert the transaction into an irrevocable license.

If the court was satisfied from the pleading that the plaintiff could not enforce specific performance, the transfer to the law calendar for a trial of the question of damages was proper.   We think there was no error in the ruling, and it is *affirmed*.