## ALABAMA CONSTRUCTION COMPANY *v.* CONTINENTAL CAR AND EQUIPMENT COMPANY.

1. Where a declaration in attachment alleged that the defendant was indebted to the plaintiff in a stated amount for the purchase-money of certain cars, as shown by a statement of account attached, and the account was for the price of certain dump cars, it was not competent to amend such a declaration by merely alleging that on a certain date the defendant wrote to the plaintiff a letter, of which a copy was set out, and in which it was stated that "We will remit to you for our first payment by New York exchange." Standing alone, this did not set out any contract, either as being that on which the account was based, or as an effort to plead a new and independent cause of action. Nor was it proper to set out such letter in the pleadings, merely because it might become admissible in evidence in the progress of the case.

2. Under a declaration in attachment, based on an account for the price of certain cars, evidence was admissible to show that the cars were in the possession and use of the defendant shortly after the date of the sale.

3. An opportunity for a thorough and sifting cross-examination should be allowed, but the presiding judge may restrain useless and unnecessary repetition of questions.

4. Where a written contract for the sale of personal property fixed a time within which shipment should be made by the vendor to the purchaser, parol evidence was admissible to show that time was of the essence of the contract.

5. Where suit was brought for the price of personal property, on an open account, although it appeared that there was a written contract for the sale of the property, yet if the evidence for the plaintiff showed that there had been complete performance by the vendor, and nothing remained to be done but for the defendant to pay the purchase-money, a nonsuit was properly refused.

6. The evidence was sufficient to make out a prima facie case, and the overruling of a motion for a nonsuit was proper.

7. The execution of a written contract can not be proved by the attesting witness by a mere general assertion that it is the contract covering the transaction in question. After proving the execution, if it is necessary to identify the personal property described in it, this may be done by parol.

8. If a vendor agreed to ship certain personal property within a stated time, and did not do so, but shipped it some days later, and thereafter wrote to the purchaser that he had made the shipment, to which the purchaser replied that he would remit to the vendor for the "first

payment," upon the arrival of the cars, and there was no evidence of any consideration for this statement in the letter, or that the vendor had acted upon it, or had done anything in reliance upon it, this did not constitute, as matter of law, such a waiver of any right on the part of the purchaser to claim damages resulting from a delay in the shipment as to authorize the presiding judge, in a suit by the vendor against the vendee for the purchase-price, to refuse to admit evidence on the subject of damages, and to direct the jury to find a verdict in favor of the vendor for the full amount of the purchase-price.

Submitted January 14,—Decided July 24,—Rehearing denied August 19, 1908.

Attachment.   Before Judge Fite.   Bartow superior court.   January 18, 1907.

*John T. Norris,* for plaintiff in error.

*John W. & Paul F. Akin* and *Clayton R. Blakey,* contra.

LUMPKIN, J.   The Continental Car and Equipment Company sued out an attachment against the Alabama Construction Company for the sum of $2,161.70 principal, alleged to have fallen due in three instalments, together with interest thereon.   The declaration in attachment alleged, that this amount was due as purchase-money of certain goods, as shown by a statement of account attached; and that the debt was just, due, and unpaid.   Attached to the declaration was an account dated November 18, 1904, for "Twenty 4-yard 'Continental' Diamond Frame Two Way Dump Cars, at $112.00, $2,240.00;" with a credit of $78.30 allowed on account of excess freight, leaving a balance of $2,161.70.   The defendant filed an answer, denying the substantial allegations of the plaintiff's declaration.   On the trial the plaintiff was allowed, over objection, to amend the declaration by adding an allegation that on November 22, 1904, the defendant wrote to the plaintiff the following letter:   "Your letter of the 18th received and noted. Will say in reply that as soon as the cars arrive we will remit to you for our first payment by New York exchange.   I trust the cars will arrive either to-day or to-morrow."   The amendment contained no other allegation except as to the writing of this letter. Evidence was introduced by both sides.   The presiding judge directed a verdict for the plaintiff, and the defendant excepted.

1.   It is not clear on what theory the trial judge allowed the amendment to be made to the declaration.   The suit was on an open account.   It might have been amended by setting out the contract of purchase, not for the purpose of counting on it as a new and independent cause of action, but to disclose and allege

pertinent facts and circumstances under which the sale and delivery were made. *Tumlin* v. *Bass Furnace Co.*, 93 *Ga.* 595 (20 S. E. 44) ; *May Mantel Co.* v. *United States Blow-Pipe Co.*, 93 *Ga.* 778 (21 S. E. 142). But the amendment here allowed was not of that character. It was not alleged that the letter contained the contract for the purchase of the cars. On the contrary, it showed on its face that this was not so. It did not state the terms of the contract, but referred in general terms to "our first payment." It is apparent that it neither was nor was alleged to be the contract itself; and it did not set out or elucidate the terms thereof. Standing alone, it merely promised to make a first payment on arrival of the cars. If it was pleaded for the purpose of meeting an anticipated defense, and of setting up a waiver, the amendment did not state the terms of the contract, nor what effect this letter was claimed to have, nor any reason why it was a proper matter to be pleaded. Whether the letter may have had evidential value in rebutting a defense, or not, is not the question. Standing as it does, the amendment seeems to be nothing more than the pleading of a piece of evidence; and, on objection, it should not have been allowed.

2. Evidence was admitted to show that the cars were in the possession and use of the defendant very shortly after the date of the sale to it. In this there was no error. It was admissible as tending to establish the indebtedness.

Objection was also taken to the admission of evidence showing that the defendant was using a part of the cars, that they were worth $112 each, and that the witness who testified to such facts could not say positively how long the defendant had been using them. At least a portion of this evidence was admissible as just above held, and the objection was to it as a whole.

3. Counsel for the defendant had very thoroughly cross-examined a witness for the plaintiff on the subject of whether the plaintiff had fully performed its contract; and there was no error in refusing to allow him to repeat substantially the same questions. Thorough and sifting cross-examination should be allowed; but this does not mean that counsel have an unrestricted right to repeat questions to a witness. The judge may restrain useless and unnecessary repetition.

4. The written contract for the purchase of the cars, introduced

by the defendant, provided that the plaintiff should ship them within six days from the date of the contract, or sooner if possible. One material question in the case was whether time was of the essence of this contract. It is declared by our code (§3675, par. 8), that "Time is not generally of the essence of a contract; but by express stipulation or reasonable construction, it may become so." This accords with the general rule in equity. If there is an express stipulation to that effect, there is no room for construction. If a time is fixed, but there is no express statement that it is of the essence of the contract, it is open to construction to determine whether such is the case or not. Parol evidence is admissible to show that the proper construction is that time is of the essence of the contract. At first blush, it might seem that this was an infraction of the rule prohibiting the introduction of evidence to supplement or contradict a written contract; but in fact it is not so. If it were an absolute rule that, in the absence of an express stipulation to that effect, time should never be of the essence of the contract, parol evidence would not be admissible. But, as will be seen from what is said above, the rule is not an arbitrary and unvarying rule of law. Time is not "generally" of the essence of the contract. Presumptively it is not so, unless there is something in the contract to show the contrary. But if the contract names a date, this presumption is rebuttable, by showing that time is of the essence of the contract. It will be observed that this does not conflict with the contract, which declares that a thing shall be done at a named time. To show that it must be done at that time is not to contradict, but rather to support, the written contract, and to show that it means just what it says. It neither adds to the contract, nor takes from it; but aids in construing it, by showing that the parties regarded the statement of time made in the contract itself as vital or essential. *Van Winkle & Co.* v. *Wilkins,* 81 *Ga.* 93 (7 S. E. 644, 12 Am. St. R. 299) ; Thurston *v.* Arnold, 43 Iowa, 43; 3 Gr. Ev. (16th ed.) §366; Hammon on Contracts, §445.

5, 6. A motion for a nonsuit was made, on the ground that it appeared that there was a written contract between the parties touching the subject-matter of the account, and that the evidence did not show that the plaintiff fully performed or completed such contract, in that it did not ship the cars within six days from the

date thereof, as agreed; and that whatever rights the plaintiff had against the defendant must have been predicated and based on a suit on the contract, and not on an open account.

It is too well settled in this State to be discussed as an open question, that, though there may have been a written contract for the sale of personalty, yet, where suit was brought on an open account for the amount claimed to be due, and the evidence for the plaintiff was to the effect that it had fully complied with its contract, and nothing remained to be done but the making of a money payment by the defendant, a nonsuit was properly refused. *South-ern Printers Supply Co.* v. *Felker, 125 Ga.* 148 (54 S. E. 193).

Here there was sufficient evidence to make out a prima facie case. If the plaintiff should have introduced the contract, in order to show what were the terms which he claimed to have performed, and what was the price of the cars, the contract was afterwards introduced by the defendant; and if a nonsuit should have been granted when the motion was made, but the necessary and omitted evidence was afterwards supplied by either party, the refusal of a nonsuit will not require a reversal. Defendant's counsel insisted that the evidence showed a failure of complete performance; but the evidence for the plaintiff did not show such a failure as would necessarily destroy a right of recovery and require a nonsuit. It showed the shipment of the cars by the plaintiff and their receipt and use by the defendant; that the account was just, due, and unpaid; that, after receiving the cars, the president of the defendant was asked why he did not remit the first payment, and answered that he was going to Alabama, and would remit from there; and also that, just before the trial, he admitted that he had not paid the debt. The letter set out in the amended declaration is not included in the brief of evidence, but the presiding judge certified that it was considered by him, "as conceded by both parties, as in evidence." We understand this to mean that both parties agreed to treat this letter as in evidence.

After the plaintiff closed its case in chief, the defendant introduced some testimony, and then renewed the motion for a nonsuit. But the function of evidence for the defendant is to overcome the case made by the plaintiff, not to furnish ground for a nonsuit.

7. The witness who attested the written contract between the

parties was placed on the stand, and testified, "That is the contract covering the cars in question." The court held that this was not the proper mode of proving the execution of the contract, but that the signatures should be proved. This was right. The execution of the contract can not be shown by the mere statement of an attesting witness that "this is the contract" covering the matter in dispute. After proving the execution, if there is a question as to whether the contract applies to the cars involved in the suit, this can be shown; but the effort appears to have been to prove the contract in the general way referred to.

8. The presiding judge directed a verdict, holding that the legal effect of the letter set out in the amendment to the declaration was necessarily to waive any right of the defendant against the plaintiff to damages on account of delay. The defendant had filed a plea claiming such damages. The judge declined to allow evidence on the subject of damages, because he entertained the view stated, though saying that he had grave doubts on the subject.

We appreciate the doubts which our worthy brother of the circuit bench entertained, but we have been unable to arrive at the same solution of them as he did. It must be remembered that a verdict is not to be directed except when there is no conflict, on material points, in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, demands a particular verdict. Civil Code, § 5331.

Waiver is a similar doctrine to that of election. If a party to a contract not in default has the right, by reason of the conduct of the other party who is in default, to elect between treating the breach as a discharge of the contract, or treating the contract as in full force and effect, he may, if he so chooses, take the latter alternative. If he elects so to do, his right to treat the contract as discharged is thereby waived. A waiver may have reference either to the question of discharge of the contract, or to the question of claiming damages by reason of a breach. The general principles applicable to both are similar; but the facts upon which they operate are so different that different results are often reached. If there is a consideration for waiving damages, an express or implied agreement to that effect is valid, and will be binding. If the party who is not in default, by his acts or conduct, induces the one who is in default, before performance has been had, to perform in a certain

manner, generally he will be estopped from claiming damages; or if the party not at fault leads the other to believe that he will not insist upon strict performance, or requests the breach, or renders performance impossible in the time or manner specified in the contract, he can not thereafter recover damages on account of a departure from strict compliance thus caused. Acquiescence may sometimes amount to waiver. Mere acceptance of property purchased, after the time for delivery provided in the contract, without more, will not amount to a waiver of any claim of damages on account of delay. The party waiving must generally have knowledge of the facts which constitute the breach. The knowledge may be actual or constructive. One can not be wilfully ignorant, and relieve himself from a waiver because he did not know. Waiver includes the idea of intent, express or implied; but legal intent will often be presumed from one's conduct, and sometimes a party will not be allowed to overcome this by setting up what was his private purpose or intent. See 3 Page on Contracts, §1494 et seq., and §1506 et seq.; *Van Winkle* v. *Wilkins,* 81 *Ga.* 94 (7) ; 29 Am. & Eng. Enc. Law (2d ed.), 1091 et seq.; *Poland Paper Co.* v. *Foote & Davies Co.,* 118 *Ga.* 458 (45 S. E. 374).

The letter relied on as a waiver was dated November 22, 1904, and was in reply to one dated November 18, written to the defendant by the plaintiff, setting out the shipment of the cars, and asking that remittance be made of the first instalment, in a draft on New York. On November 16 the plaintiff had written to the defendant, stating that the cars were shipped that day. Thus the letter relied on as a waiver was apparently written after the cars had been shipped; and there was nothing to show that there was any consideration for it, or that the plaintiff acted on it in any way, or changed its situation, or relied on it. See *Pearson* v. *Brown,* 105 *Ga.* 802 (31 S. E. 746). It can not be said, as matter of law, that this was a waiver of any right to claim damages, under the evidence as it appears in the record, so as to authorize the presiding judge to direct a verdict.

The defendant further sought to show that its president, who made the contract, could not read or write, and depended on his bookkeeper or clerk for information; and that at the time he signed the letter he did not know the exact amount of the damages. It appears, however, from evidence for the defendant, that he made

the contract, informed the plaintiff's agent of the necessity for prompt delivery and of the danger of loss or injury from delay, and insisted on having a time fixed when the cars should be shipped, and that time should be of the essence of the contract. So far as the question of knowledge is concerned, if its president knew all the essential facts, and that there was a breach, a mere negligent failure on his part to inquire of his own agent or bookkeeper as to the exact extent of the damage would not avail the defendant.

There are some other exceptions, to refusals on the part of the court to allow certain questions to be asked by counsel for the defendant of a witness introduced by him; but it is not shown what was expected to be elicited from the witness; and the exceptions are not sufficiently taken.

We have carefully considered the brief and argument presented by counsel for the defendant in error, but we think that what is said above is controlling, and necessitates a reversal.

In addition to discussing the correctness of the rulings of the presiding judge, it was insisted on behalf of the defendant in error that, if it should be held that the judge erred in holding that the letter set out in the amendment to the plaintiff's petition was a conclusive waiver of any right to claim damages by the defendant, nevertheless, much, if not all, of the evidence rejected was objectionable, some of it for one reason, some for another; and that, under the evidence introduced by both parties, a direction of a verdict was proper. It was stated in the brief of counsel for the defendant in error that, "whether the defendant's letter was or was not a waiver of damages, yet inasmuch as the defendant failed to introduce any competent testimony whatever showing any recoverable damages, it is wholly immaterial whether the defendant did or did not waive damages." It is true that some of the assignments of error contained in the bill of exceptions were not sufficiently made; and also that some of the evidence offered on behalf of the defendant may have been objectionable for various reasons. But it is evident from a careful inspection of the bill of exceptions that the portions of the evidence rejected were not ruled out because of the reasons now suggested. Had they been so, counsel offering such evidence might have had an opportunity to have reshaped the questions and, in some instances at least, to have met the objections now suggested. The judge held

broadly that no evidence was admissible for the purpose of proving damages on behalf of the defendant, because, in his opinion, the letter from the defendant's president to the plaintiff was a binding waiver of any claim of damages, and precluded any effort to recover them. That this was the basis on which the judge acted is apparent from statements made by him during the trial. In ruling on the motion for a nonsuit he said: "It makes no difference if they [the plaintiff] shipped them [the cars] six days or six hundred days thereafter; if you accepted them you are bound by it." Again he said: "If the defendants accepted these cars and promised to pay and waive their rights, they would be bound. The question is, have they waived them. There would have been no trouble at all, if you had not written that letter. I have grave doubts about it, but I believe the legal effect of this paper is to waive the right. I think, in legal contemplation of law, that paper is a waiver, and Mr. Lacy saying, 'I will send first payment in accordance with contract,' seems to be a waiver." It is true that this does not appear from the bill of exceptions to have been a ruling on the admissibility of specific evidence when offered, but it tends to show the basis on which the judge rejected the evidence as offered. Later, when the president of the defendant company was on the stand, its counsel stated to the court that he offered to prove by this witness that the defendant company, by reason of the delay of the plaintiff company, suffered at least $1,500 or $2,000 actual damages. It was recited that "The court refused to allow defendant's counsel to prove said damages, and overruled said offer." Still later, in announcing that he would direct a verdict, the presiding judge said, "I ruled out all the testimony of Mr. Delorm as to damages, because this [referring to the letter] was a waiver of all right to damages;" and thereupon directed a verdict for the plaintiff.

These quotations show that the rejection of the evidence and the direction of the verdict were not based on the form in which the questions were put, or because some of the evidence offered may have contained an expression of opinion, or for other like reasons, but solely because of the view he took of the effect of the letter from the defendant to the plaintiff. It would be too restricted and technical a view, under these circumstances, to affirm his judgment for reasons relating to such possible objections.

If the defendant is entitled to recover damages on account of the delay, it must be damages of the character pleaded; and such damages must be proved by competent evidence. On the next trial any inadmissible evidence can be excluded on proper objection. When the evidence shall have all been introduced, the court may then proceed in such manner as may be authorized, in the light of the case made. As it now stands, however, there must be a reversal, and a new trial, not limited or restricted by the idea that the letter, a copy of which was attached to the erroneously allowed amendment, necessarily controlled the case.

Upon the whole, we think the court erred as indicated above, and that a reversal must result.

*Judgment reversed. All the Justices concur.*