PEOPLE, PLAINTIFF AND APPELLEE, *v.* APONTE, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Attempted Murder.

No. 1249.—Decided July 18, 1918.

EVIDENCE—CROSS-EXAMINATION—DISCRETION OF COURT.—The power of a court to exclude the repetition of the same questions is well recognized. The

court should see that the examination of the witnesses is conducted systematically and large discretion is given it to control said examination. But the court cannot exceed its authority and divest the defendant of his fundamental right to cross-examine the witness according to subdivision 4 of section 11 of the Code of Criminal Procedure.

The facts are stated in the opinion.

Mr. *Antonio Trujillo* for the appellant.

Mr. *Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Nolasco Aponte was charged with having, "on or about the twenty-fifth day of April, 1917, unlawfully, wilfully and criminally, and in a deliberate, premeditated and treacherous manner, assaulted and beat Félix Agosto in San Juan, of the judicial district of the same name, with a piece of iron weighing more than fifteen pounds, with the intent to kill him, inflicting upon him a contused wound of a serious character on the back part of his head." Aponte pleaded not guilty and asked for a trial by jury. He was found guilty by the jury after a trial and the court later sentenced him to five years' imprisonment in the penitentiary at hard labor. Thereupon the defendant took the present appeal.

While Insular Policeman Juan Rodríguez was testifying the following took place:

"The defense put the following question to the witness: 'How many minutes was it before the occurrence that you saw the defendant?' The district attorney objected on the ground that the question had been answered already. The court sustained the objection and the defense excepted. The defense asks the following question: 'In what direction did you see the defendant going before the occurrence?' The court refuses to allow the question because he has already answered regarding that point. The defense then asked another question: 'Where did you see the defendant before the occurrence?' The district attorney objects to the question, his objection is sustained and the defense excepts. The defense puts the following question: 'After you witnessed the occurrence and returned to the place, at what distance from the wounded man did you find that piece of iron?' The district attorney objects on the

ground that the question has been answered, his objection is sustained and the defense excepts. The defense then propounded the following question: 'Did any one deliver that piece of iron to you or did you find it?' The district attorney objects on the ground that the question has been answered, his objection is sustained and the defense takes exception.''

We agree with the district attorney that the court's power to prevent a repetition of the same questions is well settled. The judge may see to it (38 Cyc. 1315) that the examination of witnesses is conducted in an orderly manner, and a large discretion is given to him in controlling such examination. "Thorough and sifting cross-examinations should be allowed," said the Supreme Court of Georgia in the case of *Alabama Const. Co.* v. *Continental Car Co.*, 62 S. E. 160, 162, "but this does not mean that counsel have an unrestricted right to repeat questions to a witness. The judge may restrain useless and unnecessary repetition.''

We have, however, carefully examined the testimony of the witness referred to and have arrived at the conclusion that the question put by the defendant's counsel upon cross-examination had not really been propounded or answered previously. Therefore, this being so, it is obvious that the district court exceeded its powers and denied the defendant a fundamental right guaranteed him by subdivision 4 of section 11 of the Code of Criminal Procedure.

For the foregoing reason the judgment appealed from should be

*Reversed and new trial ordered.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.