10582.  BERNHARDT *v.* FEDERAL TERRA COTTA CO.

JENKINS, P. J.  1.  The mere acceptance of purchased goods after the agreed time of delivery, will not of itself, and unaccompanied by attending circumstances manifesting such an intention on the part of

the buyer, amount to a waiver of the resulting damages on account of the delay. *Van Winkle* v. *Wilkins,* 81 *Ga.* 93 (7) (7 S. E. 644, 12 Am. St. R. 299); *Poland Paper Co.* v. *Foote & Davies Co.,* 118 *Ga.* 458 (45 S. E. 374); *Tuttle* v. *Stovall,* 134 *Ga.* 325, 329 (67 S. E. 806, 20 Ann. Cas. 168); *Greene County Oil Co.* v. *McCaw Mfg. Co.,* 9 *Ga. App.* 39 (70 S. E. 201). See also *Johnson* v. *North Baltimore Bottle Glass Co.,* 7 L. R. A. (N. S.) 1114, and note (74 Kan. 762, 88 Pac. 52, 11 Ann. Cas. 505). Where the seller has broken the terms of the contract as to the time for the delivery of the goods, an offer by the buyer to accept them and waive all damages for previous delays, on the express condition that the goods be delivered on a specified day, would be conditional only, and would not be binding on the buyer until compliance with the condition. *Gude* v. *Bailey Co.,* 4 *Ga. App.* 226 (61 S. E. 136); *Georgia Creosoting Co.* v. *McIntosh Land & Timber Co.,* 23 *Ga. App.* 561 (99 S. E. 166); *Alabama Construction Co.* v. *Continental Car Co.,* 131 *Ga.* 365 (8) (62 S. E. 160). Thus, the plaintiff in this case having failed to deliver the goods on the day named in the offer to waive, but having delivered only a portion thereof on the day following that specified, it can not be said as a matter of law that the acceptance by the buyer of the delivery of the portion thus made was a waiver of damages resulting from the original breach. Anything said in *Hollister* v. *Bluthenthal,* 9 *Ga. App.* 176 (8) (70 S. E. 980), in conflict with the ruling here made must yield to the decisions of the Supreme Court and the former decisions of this court above cited.

2. Where the parties to a contract mutually agree therein that in case one of them fails or refuses to comply with the terms thereof, he shall pay to the other a stated sum of money, which is reasonable in amount, and it appears, from the proper construction of the entire contract, that the actual damages resulting from a breach thereof were the subject-matter of calculation and adjustment between the parties, and that the sum thus specified was really intended by the parties as actual compensation and not as a mere deterring penalty, the law will enforce the contract as made, according to its true intent and purpose, even regardless of any mere descriptive name by which the parties may have designated such sum in the contract. *Allison* v. *Dunwoody,* 100 *Ga.* 51 (28 S. E. 651); *Heard* v. *Dooly County,* 101 *Ga.* 619 (28 S. E. 986); *Florence Wagon Works* v. *Salmon,* 8 *Ga. App.* 199 (68 S. E. 866). But in this case, although the defendant contractor sets up by amendment that the sum provided for by his contract with the owner as a penalty for delay does in point of fact represent the actual rental value of the property, and while such an allegation would be proper, and perhaps a necessary one, in order for such a contract for liquidated damages to bind the plaintiff, still the amendments nowhere nor in any way undertake to strike the several different averments contained in the original plea, wherein the sum provided for in the contract with the owner was plainly sued for as, and in terms repeatedly stated to be, a penalty; nor do the amendments show that the sum still sued for as a penalty was arrived at and agreed upon by the contractor and owner as liquidated damages, representing the actual

rental value; nor is there any allegation that such sum had been paid by the contractor to the owner. The trial court therefore did not err in construing the plea as seeking to enforce an illegal penalty as to this portion of the defendant's claim.

3. It not being alleged in the defendant's plea why or wherein it was necessary that he should have made a trip to New York by reason of the plaintiff's failure to deliver the purchased building material within the agreed time, it does not appear that such expenses set up as damages directly or logically resulted from the delay on the part of the plaintiff. The trial judge did not err in treating them as an improper charge. *Harrell* v. *Southern Ry. Co.,* 14 *Ga. App.* 451 (81 S. E. 384).

4. Where by breach of contract one is injured, he is bound to lessen the damage as far as practicable by the use of ordinary care and diligence. Thus, expenses reasonably and necessarily incurred for such a purpose by the contractor, and made necessary by reason of the breach of plaintiff in failing to furnish the material according to its contract, may properly be pleaded in defense to an action on the contract by the defendant. Civil Code (1910), § 4398; *Gore* v. *Malsby,* 110 *Ga.* 893 (2) (36 S. E. 315). It appearing from the plea that the plaintiff had knowledge of the terms of the contract between the contractor and the owner, under which the contractor had agreed to complete the work by a specified time, it was proper for the contractor to set up against the plaintiff's suit certain alleged extra necessary and reasonable sums actually expended by him in his effort to reduce the damages for delay to which the owner, under the law, would be entitled. Whether or not such alleged sums were reasonable and proper would be a question for the jury to determine. The court therefore erred in striking this portion of the plea.

(a) While a part of the extra expense alleged to have been thus incurred was for extra priced labor performed on Sunday, which was illegal, and for which the defendant could not recover (*Williams* v. *Allison,* 10 *Ga. App.* 840, 74 S. E. 442), the disallowing of such illegal portion of the claim was matter for special and not general demurrer. *Gould* v. *Atlanta,* 60 *Ga.* 164; *Munnerlyn* v. *Augusta Bank,* 88 *Ga.* 333, 339 (14 S. E. 554, 30 Am. St. R. 159, 339); *Harris County* v. *Brady,* 115 *Ga.* 767 (42 S. E. 71). For the reason stated in this paragraph, the judgment of the trial court in striking the entire plea on general demurrer is

*Reversed. Stephens and Smith, JJ., concur.*

Decided December 23, 1919.

Complaint; from Fulton superior court—Judge Pendleton. March 13, 1919.

*William A. Fuller, Troutman & Troutman,* for plaintiff.

*Mayson & Johnson,* for defendant.