11761.　BERNHARDT *v.* FEDERAL TERRA COTTA COMPANY.

STEPHENS, J. 1. The plea offered by the defendant, which was in the nature of a recoupment, praying for damages alleged as resulting from breach by the plaintiff of the contract sued on, as a result of which breach the defendant was forced to commit a breach of a contract which he at the time had with third persons, by the terms of which he was to erect for them a building upon certain terms and conditions by a certain date, and, upon his failure to comply with his obligations under this contract and complete the building by the date named, to respond to them in liquidated damages in a certain amount per day for each day the completion of the building was delayed by him, was insufficient to set up a cause of action in his favor against the plaintiff for liquidated damages which the defendant may have sustained by reason of his having been forced by the plaintiff into a breach of his contract with such third persons. Even assuming that the plaintiff had notice of the provisions of the contract between the defendant and those persons, and that any damages sustained by the defendant as a result of his having been forced by the plaintiff into a breach of his contract with them were in contemplation of the parties when they entered into the contract sued on, the plea was insufficient to sustain an

action therefor, since it failed to contain any allegation showing that the defendant had actually sustained such damages, either by having paid damages or by having become liable therefor to such third persons. A mere allegation of the existence of the defendant's contract with third persons, and that it contained such a provision as to liquidated damages to be paid by the defendant as a result of his delay in completing the contract by a specified date, and a forced breach of this provision by him caused by the act of the plaintiff, in the absence of any allegation as to the terms of this contract and as to facts showing that the defendant had actually sustained such damages, is not sufficient to establish the defendant's claim for such damages against the plaintiff. See, in this connection, *Bernhardt* v. *Federal Terra Cotta Co.*, 24 *Ga. App.* 635 (101 S. E. 588).

2. The trial judge therefore did not err in disallowing the plea, and since this action is the only ground of error insisted upon, the judgment must be affirmed.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED SEPTEMBER 27, 1921.

Complaint; from Fulton superior court — Judge Pendleton. June 28, 1920.

*W. A. Fuller, Troutman & Freeman,* for plaintiff in error.

*James L. Mayson, Jesse M. Wood,* contra.