### 16590.   HECHINGER *v.* DINKLER HOTEL COMPANY.

The alleged contract contains no obligation on the part of the plaintiff as a contracting party, and therefore the defendant's promise to perform is without consideration.   It is void for lack of mutuality, and the court did not err in sustaining the demurrer to the petition.

DECIDED JANUARY 14, 1926.   REHEARING DENIED FEBRUARY 18, 1926.

Complaint; from city court of Atlanta—Judge Reid.   May 2, 1925.

Application for certiorari was made to the Supreme Court.

I. Hechinger sued the Dinkler Hotel Company for damages for an alleged breach of contract.   A general demurrer to the petition was sustained, and the plaintiff excepted.   The petition alleges that "petitioner entered into a contract with defendants in which they agreed to lease from Alfred D. Danziger and Leon Jacobs, through petitioner, a 450-room hotel in the city of New Orleans" for a stated period at a definite rental per month; that "he [petitioner] was acting in this transaction with defendant as a real-estate agent representing Danziger and Jacobs, who are the owners of the hotel site," and that the defendant breached this contract, to the plaintiff's damage in different amounts, set out in the three

counts of the petition. The contract sued upon, which was attached to the petition as an exhibit, consisted of the following letter from the plaintiff to the defendant, and the defendant's answer thereto:

"December 23, 1922.

"Mr. Carling L. Dinkler,

"Vice-President and Manager, The Dinkler Hotels,

"Atlanta, Ga.

"Dear Mr. Dinkler: It is proposed to erect a 400-room hotel in the city of New Orleans, La., on a certain square in the second district of said city, said square being numbered 126, bounded by Canal, Iberville, North Rampart, and North Saratoga streets, and designated as lots A, B, C, D, and E, according to sketch of survey, made by S. A. Calogne, C. E., Deputy City Surveyor, said lots measuring each 31 feet and 8 inches by a depth of 120, between parallel lines running through from Canal street to Arcade No. 2, as shown on said sketch and blue print. The proposed hotel is to have commercial stores in ground floor which are not to be included in rental of hotel. Said rental to accrue to owners of the land or holding company. The parties now having this land under option, pending making financial arrangements to purchase the ground as well as building hotel, make•you the following proposition: They will lease to you said 400-room hotel at the rate of $30.00 per month per room over a period of twenty-five years, said lease to embody the usual clauses contained in hotel leases. As your architect states, it appears that it will be necessary for you to have the entire ground space of Lot C, and in addition a space on the ground floor and at the rear of spaces C, D, and E, including Arcade No. 2, of not less than 2200 to 2300 feet, that is for the proper service communication. Therefore, to obtain this space you are to pay an additional rental and exclusive of the hotel rental, the sum of fifteen thousand dollars ($15,000) over a period of twenty-five years. Your architect states that it will be necessary that stores occupying spaces A, B, C, D, and E, and Arcade No. 1, have not exceeding sixteen feet (16) high. Kindly advise me if you are willing to accept the above proposition.

"Yours truly,

"I. Hechinger."

"December 23, 1922.

"Mr. I. Hechinger,

"Ansley Hotel, Atlanta, Ga.

"Dear Mr. Hechinger: Answering your letter of the 23d instant relative to proposed hotel to be erected for us on square No. 128 in the city of New Orleans, we are willing to accept the proposition contained therein.

"Yours truly,

"The Dinkler Hotels,

"By Carling L. Dinkler, V.-Pres. & Gen. Mgr."

*Herman Winsberg, Scott, Hornbuckle & Moore,* for plaintiff.

*Herbert J. Haas, Hewlett & Dennis,* for defendant.

STEPHENS, J. (After stating the foregoing facts.) The letter from the plaintiff to the defendant, which must be looked to as constituting the contract, purports to be the individual act of the plaintiff in his own name, and not as agent for Danziger and Jacobs mentioned in the petition, or for any one else. This letter contains no language whatsoever which can be construed as obligating the plaintiff to do anything. It makes no reference to the plaintiff's alleged principals, Danziger and Jacobs, unless such reference is contained in the word "they" or in the phrase "the parties now having this land under option." It recites that "it is proposed to erect a 400-room hotel in the city of New Orleans" of a certain general description, upon certain described land, and that "the parties now having this land under option . . will lease to you said 400-room hotel," etc. This indicates that performance is to be made by others than the plaintiff. If this language could be construed as indicating an obligation upon any one to lease to the defendant such hotel, nowhere does it appear that the plaintiff, the contracting party, undertakes to see that this obligation is carried out.

The petition expressly alleges that the plaintiff himself entered into the contract. It does not allege that Danziger and Jacobs, or the "parties now having this land under option," or "they," were parties to the contract. In view of this allegation that the plaintiff himself was the contracting party, and of the fact that from an inspection of the plaintiff's letter, which is the contract sued on, it appears that the plaintiff, and not Danziger and Jacobs, was the contracting party, the allegation in the petition that the plaintiff

acted as real-estate agent representing Danziger and Jacobs can not be construed as an allegation that the contract was made by Danziger and Jacobs through the plaintiff as their agent. The contract not having been made in behalf of a principal, the plaintiff can not maintain the suit upon the theory that he is an agent whose agency is coupled with an interest.

Since it appears that the plaintiff was not bound by the alleged contract, the defendant's promise to perform is without consideration. The alleged contract, therefore, is void for lack of mutuality, and the suit was properly dismissed on demurrer.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*