### 49995. MOORE et al. v. HUGHEY et al.

MARSHALL, Judge.

The issue presented in this appeal centers on the construction of the following paragraph which appears in a realty option contract.

"In the event, for any reason, all or any portion of the lands which are the subject matter of this contract, are not conveyed by deed from seller to purchasers, upon request of purchasers, the above mentioned seven thousand ($7,000) Dollars earnest money will be returned to purchasers."

Purchasers entered into the option contract with seller for the purchase of some land in Hall County. The purchasers paid into escrow $7,000 as earnest money "for 45 days," the remainder of the purchase price was to be paid at closing, which was the end of the option period. Purchasers failed to obtain financing for the remainder of the purchase price and the land was not conveyed. Both seller and purchasers contend that the above quoted provision of the contract entitles them to the $7,000 earnest money. The trial court entered a judgment for the seller and purchasers appeal. *Held:*

The paragraph in question is admittedly subject to two interpretations: (1) if seller does not convey the land to purchasers for any reason (including presumably purchasers' default) the $7,000 will be returned to purchasers upon request; or, (2) if seller does not convey the land to purchasers for any reason *after the purchasers have requested the seller to do so,* the $7,000 will be returned to purchasers. Only the latter interpretation would give meaning to the provision and, indeed, would give validity to the contract. If the paragraph was interpreted so that the $7,000 was subject to being returned to purchasers upon their mere request, without their first having made a "request" or demand on seller for conveyance of the land, the contract would not be enforceable against them because they could refuse to pay the purchase price, seller would naturally refuse to convey the land and purchasers would be entitled to a return of the earnest money. The effect of such interpretation would not only take the "earnest" out of

earnest money but it would also take consideration out of the contract. The purchasers would not have given any consideration; the contract would be illusory, lacking mutuality and a nudum pactum. Code § 20-301. See *Clayton McClendon v. McCarthy,* 125 Ga. App. 76 (2) (186 SE2d 452); *Brady v. Poulos,* 121 Ga. App. 35 (172 SE2d 437); *Hechinger v. Dinkler Hotel Co.,* 34 Ga. App. 793 (132 SE 113).

We reject such interpretation because of the rule of construction that "An agreement capable of an interpretation which will make it valid or legal will be given such interpretation if the agreement is ambiguous." *Stevenson v. Atlanta Mission Holding Corp.,* 72 Ga. App. 258, 261 (33 SE2d 568). See Code § 20-704 (4); *Blanchard &c. Realty Co. v. Fogel,* 207 Ga. 602 (63 SE2d 382); *Central Georgia &c. Corp. v. Georgia Power Co.,* 217 Ga. 171, 173 (121 SE2d 644); *Brown v. Chrysler Corp.,* 112 Ga. App. 22, 23 (143 SE2d 575).

We adopt the interpretation of the appellee in the trial court and the one which is the only construction that is sensible in this business setting: that the purchasers had to tender the purchase price, and "request" conveyance of the land, and seller had to default before purchasers would be entitled to a refund of the earnest money.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED JANUARY 6, 1975 — DECIDED FEBRUARY 7, 1975.

*Wellborn R. Ellis,* for appellants.
*Carter, Ansley, Smith & McLendon, James B. Gurley,* for appellees.