## 52663. HODSDON v. MID-CONTINENTAL, INC.

CLARK, Judge.

Was the contract for purchase and sale of described realty in the instant case lacking in specificity to the extent that the purchaser-plaintiff was entitled to a refund of his earnest payment? The trial judge ruled in the negative. We agree with this decision holding the document to be sufficiently definite in every respect.

Seriatim, we present and simultaneously deal with each of appellant's assertions:

(1) The contract contains no description of the property to be conveyed as security for the balance of the purchase price.

Our View: The tract to be conveyed is stated to be 53.35 acres described on a plat and in a deed to sellers, both according to a page and book in the Franklin County land records; that the buyer is to execute a deed to secure debt for the balance of the purchase price; there is provision for described parcels to be released from the lien of the security deed upon payment of specified amounts per acre. The contract thus provides the key which makes clear that the property which is to be contained in the purchase money security deed is that which is purchased and conveyed by warranty deed. See *Blumberg v. Nathan,* 190 Ga. 64 (8 SE2d 374) and the numerous cases in Shepard's Georgia Citations for additional decisions

which have followed this "key-in-the-document" doctrine.

(2) The provision describing two promissory notes to be assumed as part of the purchase price fails to name the payor, does not state whether the notes are secured or unsecured, and provides no means of determining as of what date the remaining balance plus accrued interest would be determined.

Our View: Each of the promissory notes is described as to date, payee, principal amount, interest rates, and repayment of principal. Therefore, the absence of the name of the maker of each note is immaterial. Similarly, whether the notes are secured or unsecured is of no consequence. Since these obligations are to be assumed as a part of the purchase price, the date as of which the balance of the principal and interest is to be computed would be the day on which the transaction is completed. "That is definite which can be made definite." *Ideal Realty Co. v. Reese,* 122 Ga. App. 707, 708 (a) (178 SE2d 564). See also *Branan & Schmitz Realty, Inc. v. Ballard,* 117 Ga. App. 758 (162 SE2d 16).

(3) The release clause is not sufficiently definite.

Our View: The manner in which the parties spelled out the provision for release of portions as to price per acre, percentage of the total acreage, and location of the released property was sufficient. See *Chewning v. Brand,* 230 Ga. 255 (196 SE2d 399).

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 21, 1976— DECIDED SEPTEMBER 30, 1976— REHEARING DENIED OCTOBER 21, 1976 —

*L. Eddie Benton, Jr.,* for appellant.
*Rebecca J. Buttles,* for appellee.