60520. GOLDBERG et al. v. BLACK et al.

DEEN, Presiding Judge.

Appellants Herbert and Sonya Goldberg, brought suit in three counts against Black for the return of $3,000 earnest money paid in connection with a real estate sales contract between the parties. In Count 1 of the complaint, appellant purchasers seek recovery of money had and received and do not allege a breach on the part of seller. In Count 2 appellants allege that the real estate contract was not consummated because the seller Black failed to finish the house on the property in sufficient time to make delivery to the purchasers as required by the contract and seek a return of the earnest money. Count 3 is the same as Count 2 except it seeks additional damages for breach of contract over and above the earnest money.

Appellee Black answered the complaint and included a defense claiming that the earnest money should be applied to his damages which are set forth in full and exceed $3,000. Black also filed a motion to dismiss addressed to the entire complaint. The trial court granted appellee seller's motion to dismiss for failure of the complaint to state a claim and the purchasers appeal. We reverse.

Appellees' motion to dismiss was predicated on the failure of appellants to allege that they had tendered performance and requested conveyance of the real estate and that the seller then failed to convey the property. In support, appellees cite *Moore v. Hughey,* 133 Ga. App. 901 (212 SE2d 503) (1975). In *Moore,* at 902, this court, reviewing a real estate contract on appeal after trial, construed an ambiguous paragraph pertaining to earnest money. For this reason *Moore* should be confined to its own facts, which do not set forth or pertain to any requirement of pleading.

Under Code Ann. § 81A-112, "[a] motion to dismiss a complaint should not be granted for failure to state a claim unless the complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim." *American Nat. Bank & Trust Co. v. Davis,* 241 Ga. 333 (245 SE2d 291) (1978).

Generally the buyer, in order to recover earnest money as money had and received under a real estate contract, must show that the seller has breached the contract and that the buyer himself is not in default. He may then rescind the contract and recover the amount he has paid on the purchase price. *Walter L. Tally, Inc. v. Council,* 109 Ga. App. 100 (135 SE2d 515) (1964). (Read cites therein for a full discussion of this subject and its various applications.)

Appellants, under our notice pleadings, have alleged sufficient facts to withstand a motion to dismiss for failure to state a claim upon which relief can be granted. *Tahamtan v. Dixie &c. Co.,* 143 Ga. App. 561 (239 SE2d 217) (1977).

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

SUBMITTED SEPTEMBER 9, 1980 — DECIDED
JANUARY 6, 1981.

*Bruce R. Glassman,* for appellants.
*Claude E. Hambrick,* for appellees.