### 64963. GOLDBERG et al. v. BLACK.

DEEN, Presiding Judge.

On the prior appearance of this case ( *Goldberg v. Black,* 156 Ga. App. 872 (275 SE2d 810) (1981)), the question at issue was whether Goldberg's complaint for return of $3,000 earnest money toward the purchase price of a house being erected by Black and his partner stated a cause of action as against Black's motion to dismiss for failure to state a claim upon which relief can be granted. We there held: "Generally the buyer, in order to recover earnest money as money had and received under a real estate contract, must show that the seller has breached the contract and that the buyer himself is not in default." We also held that the complaint was sufficient to state a claim for the relief sought.

After a bench trial the court entered up judgment for the defendant sellers. He found that the parties did in fact have a real estate contract, that $3,000 earnest money had been paid to defendant by the plaintiff, but that Goldberg "testified that he could not close the house when it was completed. He further testified that plaintiffs had been approved to obtain a loan from Decatur Federal to purchase the house, but they had declined to accept the loan" and that "there is no money had and received which the plaintiffs have a right to recover."

We reverse. That there was in fact a contract between the parties was settled on the first appearance of this case. Code § 81A-160 (h). The property description was sufficient. *Hodson v. Mid-Continental, Inc.,* 140 Ga. App. 74 (230 SE2d 38) (1976).

The trial court's findings of fact and conclusions of law are inaccurate and incomplete with regard to the damages found and the offset thereof against appellants' claim.

The trial court stated: "The defendant made changes in the house in order to sell it, paid a real estate commission, and suffered a loss on the sale of $1,200 from what he would have made if plaintiffs had purchased the house.

"I conclude as a matter of law that there is no money had and received by defendant which plaintiffs have a right to recover, and judgment is hereby rendered for the defendant and against the plaintiffs . . ."

The evidence disclosed that the seller (Black) suffered a loss of $1,546.63 as a result of the buyer's (Goldberg) failure to perform the contract. The seller testified in detail at trial as to how he arrived at the exact amount of damages suffered as a result of the breach. The contract provides that in the event of buyer's default the earnest money will be applied "as Seller's liquidated damages in full settlement of any claim for damages . . ."

Depending on the language of the contract, earnest money can be considered liquidated damages for a buyer's breach of a real estate contract. *Southeastern Land Fund v. Real Estate World,* 237 Ga. 227, 230 (227 SE2d 340) (1976). "In deciding whether a contract provision is enforceable as liquidated damages, the court makes a tripartite inquiry to determine if the following factors are present:

" 'First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than for a penalty; and third, the sum stipulated must be a reasonable pre-estimate of the probable loss.' Calamari & Perillo, The Law of Contracts, 367 (1970). See *Tuten v. Morgan,* 160 Ga. 90, 92 (127 SE 143) (1924), and *Bernhardt v. Federal Terra Cotta Co.,* 24 Ga. App. 635 (101 SE 588) (1919). See also *Martin v. Lott,* 144 Ga. 660 (87 SE 902) (1915)." Id., at 230. See also *Gibson v. Sheriff,* 155 Ga. App. 578 (271 SE2d 710) (1980).

In the instant case, the trial court made no findings with regard to the validity or enforceability of the contract provision regarding liquidated damages, nor did the trial court apply the required tripartite test as stated above. On the other hand, the evidence disclosed actual damages incurred by the seller in the amount of $1,546.63, but stated by the trial court to be $1,200. Under the circumstances, we must reverse and remand for a finding as follows: Whether liquidated damages are proper under the stated test; and if not, the amount of actual damages suffered by the seller and the extent to which such amount should be offset from the buyer's $3,000 earnest money.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 4, 1983.

*Bruce R. Glassman,* for appellants.
*Claude E. Hambrick,* for appellee.