10302. STANDARD COAL COMPANY *v.* ECLIPSE COAL COMPANY.

STEPHENS, J. 1. Where a seller agrees to deliver to a purchaser commodities in specified quantities weekly and at designated prices payable on the first of each month after delivery, a failure by the latter to meet payments when due relieves the former of any obligation to make further deliveries.

2. Although the seller may have delayed deliveries and failed to make them on time as contracted for, the purchaser cannot, after accepting such delayed deliveries and also subsequent deliveries, and failing to make payment due therefor under the contract, hold the seller liable for a failure to continue making any further deliveries contracted for. The case of *Bernhardt* v. *Federal Terra Cotta Co.*, 24 *Ga. App.* 635.

(101 S. E. 588), is not in conflict with this ruling. The decision in that case holds that by the acceptance of a delayed delivery the purchaser does not ipso facto waive his right to damages for any delay which is in violation of the contract.

3. Where, under the terms of such contract, the seller may make deliveries in weekly installments ranging from a minimum to a maximum number, he complies with the contract by delivering the minimum number specified.

4. "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement." Civil Code (1910), § 4227.

5. The jury having determined the issues of fact, the evidence supporting the verdict, and the above principles of law having been properly applied, there was no error in the charge of the court, or in the failure to charge as requested.

6. It not being plainly apparent that the writ of error was prosecuted for delay only, the motion of the defendant in error for damages is denied.

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 7, 1920. ADHERED TO ON REHEARING, FEBRUARY 23, 1920.

Complaint; from Fulton superior court—Judge Pendleton. December 10, 1918.

Application for certiorari was denied by the Supreme Court.

*C. L. Pettigrew,* for plaintiff in error.

*Douglas & Douglas,* contra.