*Lippitt & Burt,* for plaintiff.

*R. R. Jones, Parks & Parks, Yeomans & Wilkinson,* for defendant.

---

13160, 13161.   LADD LIME & STONE COMPANY *v.*
MacDOUGALD CONSTRUCTION COMPANY;
and *vice versa.*

1. A contract of sale which obligates the seller to make certain shipments from time to time of the commodity sold, upon application of the purchaser, on certain conditions prescribed in the contract, and which contains a provision that the " sellers shall not be responsible for delays caused by strikes or accidents or causes beyond their control," and also that " this contract shall expire by its own limitations " on a certain named date, does not obligate the seller, after the date of expiration of the contract, to make delivery of any shipment which was ordered shipped under the terms of the contract by the purchaser, the shipment of which, during the life of the contract, the seller was unable to make, on account of strikes, accidents, or causes beyond the seller's control.

2. Where the seller knows that the purchaser is engaged in a construction project which necessitates considerable expenditures by the purchaser from day to day, and that the commodity purchased was needed in such project and that a delay in its delivery by the seller to the purchaser would be productive of an expense to the purchaser, in idle labor and idle equipment, directly traceable to a breach by the seller in failing to deliver the commodity as contracted, the purchaser is entitled to recover for such damage.

DECIDED SEPTEMBER 28, 1922.

Action on contract; from Bartow superior court — Judge Tarver. October 1, 1921.

The Ladd Lime & Stone Company and the MacDougald Construction Company, on June 30, 1919, entered into a contract

by the terms of which the Ladd Lime & Stone Company agreed to sell to the MacDougald Construction Company, and the Mac-Dougald Construction Company agreed to buy from the Ladd Lime & Stone Company, 15,500 tons of crushed stone, the stone to comply with certain specifications. The contract contained the following provisions: "Shipments shall begin on or between the 10th and 20th of July, as designated by the purchaser, and shall continue at a daily rate to be determined by the purchaser, not to exceed eight cars per day except by mutual consent. All daily shipments shall be made by the sellers within four days after receiving orders from the purchaser. This contract shall expire by its own limitations on January 31, 1920. Sellers shall not be held responsible for delays caused by strikes, accidents, or causes beyond their control." The contract further provided: "It is mutually agreed that the purchaser shall have the right at his option, at any time during the life of this contract, to purchase 6,000 additional tons of said crushed stone at the same purchase price and under the same terms as provided in this contract." The MacDougald Construction Company, on June 9, 1920, brought suit in the superior court of Bartow county against the Ladd Lime & Stone Company, alleging that the plaintiff, on September 12, 1919, notified the defendant of the plaintiff's election to avail itself of its option to purchase the 6,000 additional tons of stone as provided in the contract, and alleging that the defendant had failed to comply with its obligation to furnish to the plaintiff the 21,500 tons in accordance with the defendant's obligation under the contract, and had furnished to the plaintiff only 12,193.38 tons, thus leaving a balance of 9,306.62 tons which the defendant had failed and refused to furnish, to the damage of the plaintiff. The defendant admitted its failure to furnish the stone as alleged in the petition, alleging that its failure so to do was due to causes beyond its control during the life of the contract, and that as the contract expired "by its own limitations on January 31, 1920," the defendant was under no obligation to perform after that date. It was contended by the plaintiff that the clause providing that "sellers shall not be held responsible for delays cause by strikes, accidents, or causes beyond their control," operated only to relieve the defendant from delivering the stone within the periods of time contracted for, and that, the

plaintiff's right to purchase having accrued before the expiration of the contract on January 31, 1920, the defendant was under an obligation, even after that date, to make deliveries when the "causes beyond their control" had ceased and the defendant had become able to make deliveries. The defendant, however, contended that whatever obligation rested upon it to make delivery necessarily arose out of the terms of the contract, and that it failure to make deliveries by January 31, was due to delay caused by strikes, accidents, or causes beyond the defendant's control, and was not a violation of the contract, and that, since the contract expired by its own limitations on that date, no obligation rested upon the defendant to perform after that date. The court construed the contract as contended for by the plaintiff, and so instructed the jury. A verdict and judgment in the sum of $5,505 having been rendered for the plaintiff, the defendant moved for a new trial upon various grounds, among them being an assignment of error questioning the correctness of the construction which the trial judge placed upon the contract.

The plaintiff filed a cross-bill of exceptions, excepting to a restriction placed by the court upon the plaintiff's right to recover to the difference between the contract price and the market value at the time and place for delivery, and in not permitting the plaintiff to recover damages for loss due to expense of maintaining idle labor and idle equipment, by reason of the defendant's alleged breach of the contract in failing to deliver the material contracted for.

*Alston, Alston, Foster & Moise, Neel & Neel,* for Ladd Lime & Stone Co.

*Spalding, MacDougald & Sibley, William T. Townsend,* contra.

STEPHENS, J. (After stating the foregoing facts.) We are of the opinion that the defendant's contention as to the construction of the contract is correct. But for the presence of the clause which provides that the contract expires "by its own limitations on January 31, 1920," the construction placed upon the contract by the plaintiff would have been plausible and perhaps correct. But the presence of this clause absolutely precludes any such construction as the plaintiff contends for. All the accrued rights under the contract necessarily expired and became unenforceable on the date on which the contract expired under its own terms. Since

all of the plaintiff's rights arose under the contract, including the plaintiff's right to enforce delivery, whatever may have been the plaintiff's rights up to the time of the expiration of the contract, such rights necessarily became nonexistent and unenforceable upon the date on which the contract expired. The contract having expired, of course all rights under the contract expired.

Under the terms of the contract a fixed and definite amount of stone was contracted for, and nothing more remained to be done by the defendant except to effect delivery upon the plaintiff's compliance with certain provisions providing for designation as to time and place for delivery. The right to a delivery of the stone was a right which the plaintiff had only by virtue of the terms of the contract, which he could enforce unless prevented by the operation of the terms of the contract. It is not unthinkable that there could be a contract providing for contingencies which would not only operate to delay the purchaser's right to call for delivery, but would operate to destroy his right to demand delivery at any time and rescind the actual purchase of any undelivered stone. It is conceivable that the seller, on account of the advance in market prices, would be unwilling to bind himself to deliver after a fixed date, although he might be willing to bind himself to deliver before such date. It is conceivable that the purchaser was satisfied with the price and other provisions in his favor, and that he was willing to contract to relinquish his rights under the contract upon certain contingencies (as an expiration of the contract on a certain date) favorable to the defendant. The defendant's construction of the contract was reasonable and plausible. We therefore conclude that the seller could successfully defend upon the ground that he had not violated the contract during its life, provided the delay in delivery was caused by such circumstances as were beyond the seller's control and as would, under the terms of the contract, excuse delay while such circumstances existed. The seller could not, after the expiration of the contract, violate it by refusing performance of any of its terms. A verdict and judgment having been rendered for the plaintiff, the court erred in overruling the defendant's motion for a new trial. In view of a reversal upon the ground above indicated, it is unnecessary to pass upon the other grounds of the motion for a new trial.

If it should appear from the evidence that the defendant's refusal to deliver amounted to a violation of the contract while the contract was in life and before its expiration, and while the defendant was bound to perform, then the plaintiff would be entitled to damages for the breach. If the defendant knew that the plaintiff was engaged in a construction project which necessitated considerable expenditures by the plaintiff from day to day, and that the stone purchased was needed in such project, and that a delay in its delivery to the plaintiff would be productive of an expense to the plaintiff in idle labor and idle equipment, directly traceable to the breach, the plaintiff might be entitled to recover such damage. Civil Code (1910), § 4395; *Lee* v. *Bewley-Darst Coal Co., 22 Ga. App.* 693 (97 S. E. 99).

*Judgment reversed on both bills of exceptions. Bell, J., concurs. Jenkins, P. J., dissents as to the main bill, but concurs as to the cross-bill.*