### 13903.   JAMES F. DREW COMPANY *v.* BREEDLOVE.

STEPHENS, J.  1.  Where a contract provides for a sale and delivery of a certain quantity of a commodity such as sugar, the market price of which fluctuates from day to day, to be delivered in designated quantities upon designated dates, at a fixed or determinable price, the contract is entire, and time is of the essence thereof. Where the dates for delivery of part of the shipments contracted for has passed, the purchaser's acceptance of part of the shipments already due amounts to no waiver as respects the time for delivery of the undelivered shipments, and does not relieve the seller of his obligation to deliver the undelivered shipments upon the dates stipulated for delivery in the contract.

2. A tender by the seller afterwards of certain quantities of the commodity sold, less than the amount due by the seller under the terms of the contract upon the date of the tender, is not an offer complying with the terms of the contract, and the refusal of .the purchaser to accept the entire shipments offered is not a breach of the contract, and the seller is therefore not authorized to recover of the purchaser the purchase price of the articles tendered and not accepted.

3. A refusal by the purchaser to accept the shipments thus tendered, solely upon the ground of his inability to pay cash therefor as provided in the contract, did not place the seller at any disadvantage, and therefore does not operate to estop the purchaser from insisting upon the seller's complying with the contract to tender the commodities within the time specified. Nor does a proposal by the purchaser to the seller (not accepted by the seller) to deliver shipments upon terms as to payment other than as provided in the contract amount to a waiver or estoppel of the purchaser's rights under the contract.

4. The petition in this case, in which the seller sought to recover the purchase price of articles tendered and refused, set out no right of action in the plaintiff, and was properly dismissed on demurrer.

*Judgment affirmed. Jenkins, C. J., and Bell, J., concur.*

DECIDED SEPTEMBER 15, 1923.

Complaint; from city court of Valdosta — Judge Little. August 15, 1922.

*Franklin & Langdale,* for plaintiff.

*Patterson, Copeland & Slater,* for defendant.