Byars, Futral & Wood, for plaintiff in error.

E. M. Owen, solicitor-general, contra.

---

## 15109.  LINGO v. PHŒNIX HERMETIC COMPANY.

BROYLES, C. J.  1. The court did not err in overruling the demurrer interposed to the original suit and the suit as amended.  The demurrer, as clearly shown by its particular wording, was directed solely against the original suit, and the amended suit was not subject to any ground of the demurrer, and the court properly so held.  Nor was the allowance of the amendment error, since the procedure in the municipal court of Atlanta, in regard to pleadings, is the same as that of a justice's court.

2. The admission in evidence of the original order signed by the defendant was not error for any reason assigned.

3. After considerable documentary and oral evidence had been introduced by the plaintiff, it was not error to overrule a motion by the defendant's counsel to exclude "all the oral testimony and all the written testimony that was introduced by the plaintiff by any of its witnesses or any of its

correspondence that tends to or takes from the original order signed by the defendant and introduced by plaintiff as proof of his account, . . as being irrelevant and immaterial, and incompetent and not binding on this defendant." The court, before overruling the motion, stated: "Well, I don't understand yet what evidence you object to, unless you call my special attention to some .part of it;" and the counsel who made the motion replied: "I can't go through and take it out." Counsel should have called the court's attention to the specific evidence that he desired ruled out, especially in view of the judge's statement that he did not understand what evidence the motion included.

4. Under the facts of the case the plaintiff was authorized to recover upon the contract entered into by the defendant and the agent of the plaintiff—the plaintiff being the undisclosed principal of the agent (*Woodruff* v. *McGehee*, 30 *Ga.* 158), and the evidence authorizing a finding that the defendant's written order for the goods was accepted by the plaintiff. There was no stipulation in the order that the acceptance must be in writing, and, although the value of the goods ordered amounted to more than $50, the contract was not within the statute of frauds, the goods not being in esse at the time of the order, and being of a peculiar character especially ordered by the purchaser, and to be made by the vendor out of his material, and having no general market value. *Cason* v. *Cheely*, 6 *Ga.* 554 (2).

(*a*) Even if the contract had been within the statute of frauds, it appears that the contract was an entire one and called for the purchase of a number of articles, and that some of the articles were received, paid for, and accepted by the vendee. Such a partial performance would take the contract without the statute. 27 Corpus Juris, 249.

(*b*) Nor could the purchaser successfully defend the suit by showing that the goods were not delivered within the time contracted for, since he (the purchaser) accepted the delayed shipments without any protest, and made payments thereon. See, in this connection, *Standard Coal Co.* v. *Eclipse Coal Co.*, 24 *Ga. App.* 717 (102 S. E. 137). The purchaser, by his conduct, must be held to have waived his right to insist upon the delivery of the goods within the time specified by the contract.

(*c*) Under the facts.of the case the vendor's acceptance of a check from the purchaser did not constitute an accord and satisfaction. Upon the face of the check was written: "balance due as per account rendered, $100.00." Subsequently the purchaser sent the vendor another check, for $100, upon which was written, "in full settlement," and this check was not accepted by the vendor but was returned by him to the vendee.

5. The trial judge, sitting without the intervention of a jury, did not err in rendering the judgment complained of, and the overruling of the certiorari by the judge of the superior court was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

Decided January 16, 1924.

Certiorari; from Fulton superior court— Judge Bell. October 1, 1923.

*Jackson & Moore, T. L. Lanford,* for plaintiff in error.

*Chalmers & Stewart, Candler, Thomson & Hirsch,* contra.