14879, 14880.. LADD LIME & STONE CO. *v.* MACDOUGALD
CONSTRUCTION CO.; and *vice versa.*

STEPHENS, J. 1. A party to a contract which relieves him from liability
thereunder if performance by him is prevented by causes beyond his
control is not prevented from performing by a cause beyond his con-
trol, when the other contracting party offers to remové the cause and
to facilitate performance; as, where the contract, which is one for the
sale of a definite amount of crushed stone to be delivered in quantities
during a definite period, provides that the shipments of stone shall be
made and consigned to the purchaser at any of certain named railway
stations that the purchaser may direct, the seller is not relieved of his
obligation to perform upon the ground that performance was pre-
vented by a shortage of railway cars for transporting the stone, and
that such shortage was a cause beyond the seller's control, where such
shortage did not exist as to cars leaving the shipping point towards
the point of delivery designated in the contract, but existed only as to
cars routed through to any of the points of destination, when it appears
that the purchaser offered to relieve against such shortage and to re-
move such cause by offering to accept delivery at a point en route
between the shipping point and any of the points of delivery mentioned
in the contract.

2. "Where the seller knows that the purchaser is engaged in a construc-
tion project which necessitates considerable expenditures by the pur-
chaser from day to day, and that the commodity purchased is needed
in such project, and that a delay in its delivery by the seller to the
purchaser would be productive of an expense to the purchaser in idle
labor and idle equipment, directly traceable to a breach by the seller
in failing to deliver the commodity as contracted, the purchaser is en-
titled to recover for such damage." *Ladd Lime & Stone Co.* v. *Mac-
Dougald Construction Co.,* 29 *Ga. App.* 116 (114 S. E. 75).

3. In a suit by the purchaser against the seller to recover for an alleged
breach of such contract by the seller in failing to make consignments
of stone under the terms of the contract, wherein the seller defended
upon the ground that he was prevented from performing, by a cause
beyond his control, which was a valid excuse under the terms of the
contract, and alleged that such cause was a shortage in railway cars
for transporting and delivering the stone contracted for, and where the
evidence authorized the inference that such defense was not true in
fact, and further authorized the inference that the damage sustained
by the purchaser as a result of idle labor and idle equipment traceable
to the seller's breach was within the contemplation of the contracting
parties at the time of the execution of the contract, and that the
purchaser had, as a result of the seller's breach, sustained such dam-
age, and had also as a result of the seller's breach sustained damage
by reason of an advance in the price of the stone above the contract
price, the verdict in damages found for the plaintiff was authorized.

4. Where it is clearly inferable from the evidence that the facts were as
indicated in paragraph 2 above, the charge of the court in submitting
such issue to the jury was not error upon the ground assigned, that the

issue as to whether such damages were in contemplation of the parties was not warranted by the evidence.

5. A hypothetical charge which is not in every respect adjusted to the evidence is not, where it correctly states the law, cause for reversal, if it is not prejudicial to the complaining party. Assuming that the charge of the court in this case, stating the rule as to the right of the seller, who had made similar contracts with other parties, to pro-rate deliveries under all the contracts when unable by reason of a car shortage to make all deliveries contracted for under all the contracts, wherein the court said that the defendant did not have "the right at any time to decrease its shipments to the plaintiff in order to fill orders from others, either in excess of the normal output of its business, or which it could not reasonably have expected to fill when taken in addition to the plaintiff's contract," was not adjusted to the evidence, it was harmless and in no way prejudicial to the defendant.

6. The court did not err in allowing a witness for the plaintiff to refresh his memory from certain records and to state that certain dates were the dates upon which the plaintiff's construction project was idle. The fact that the witness testified that the dates were "approximate" went only to the probative value of the testimony as to certainty, and did not for any reason render it inadmissible. Such testimony was admissible as cumulative.

7. While the memorandum from which the witness giving the testimony referred to in the next preceding paragraph, and which memorandum purported to show certain data as to stone on hand each day and the amount received and used, and was prepared by the witness and the plaintiff's bookkeeper, might not have been strictly admissible in evidence, its admission was harmless and could not have influenced the verdict rendered, in view of the fact that the matters therein referred to were established by other positive testimony.

8. Invoices and vouchers showing the price paid for stone under a contract between the defendant and a person other than the plaintiff, offered by the defendant for the purpose of showing the market value of the stone on certain dates named in the invoices, were properly excluded from evidence, since it does not appear that the prices named in the invoices and vouchers represented the market value of the stone, and since it does not appear that the prices indicated therein were not prices fixed under a contract previously entered into.

9. Applying the above rulings, and the rulings in this case appearing in 29 *Ga. App.* 116, the court did not otherwise err as contended in the motion for a new trial.

10. The verdict rendered for the plaintiff was authorized by the evidence, and no error of law appears.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 25, 1924.

Breach of contract; from Bartow superior court—Judge Tarver. May 25, 1923.

*Alston, Alston, Foster & Moise, Neel & Neel,* for Ladd &c. Co.
*Spalding, MacDougald & Sibley, W. T. Townsend,* contra.