33561. CUTLER-HAMMER INC. *v.* BELL.

Decided July 16, 1951.

*Andrew A. Smith, C. Donald Lowrie, John Kirby*, for plaintiff.

*Nick Long Jr.*, for defendant.

GARDNER, J. ■ The first special ground assigns error on the refusal of the court to give in charge the following written request:

"If delivery of property sold is made by the seller beyond the time contracted for, and accepted and paid for by the purchaser without protest upon the ground of delay, this would amount to a waiver by the purchaser of any right to damages against the seller for delay in delivery." It is not error to refuse to charge a request which is not abstractly correct. For a correct statement of the law applicable to the facts of this case see *Bernhardt* v. *Federal Terra Cotta Co.*, 24 *Ga. App.* 635 (101 S. E. 588), from which the first headnote is quoted, *Standard Coal Co.* v. *Eclipse Coal Co.*, 24 *Ga. App.* 717 (102 S. E. 137), and *James Drew Company* v. *Breedlove*, 30 *Ga. App.* 722 (119 S. E. 532).

■ The second special ground assigns error on the refusal of the court to give in charge the following written request: "The purchaser cannot successfully defend a suit by showing that the goods were not delivered within the time contracted for if he (the purchaser) accepted the delayed shipment without any protest, and made payments thereon. The purchaser by such conduct, would be held to have waived his right to insist upon the delivery of the goods within the time specified by the contract." This language is paraphrased from headnote 4 (b) of *Lingo* v. *Phoenix Hermetic Co.*, 31 *Ga. App.* 547 (121 S. E. 253). That case cites *Standard Coal Co.* v. *Eclipse Coal Co.*, 24 *Ga. App.* 717 (supra) in which case the distinc-

tion is clearly made between waiver of damages resulting from delayed delivery by acceptance and attendant conduct, and waiver by such acceptance of the right to insist upon the original terms of the contract as to time of deliveries. It is not error to refuse to charge a request which is not in all respects abstractly correct, or which, if given in the exact language of the request would be misleading or confusing. Standing alone, this request would seem to contain a correct principle of law but too broadly couched to make the refusal to give it exactly as requested reversible error.

■ As to the general grounds: No attack is made on the charge of the court as a whole or on any excerpt from the charge as given, and the analysis of the issues to be decided by the jury, being clearly and fairly presented to it, its verdict, when supported by any competent evidence will not be disturbed on the general grounds.

As to the right to recover for idle labor and equipment directly traceable to failure to deliver commodities within the time contracted for, see *Ladd Lime & Stone Co.* v. *MacDougald Construction Co.*, 32 *Ga. App.* 709 (124 S. E. 551).

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*