39631.  MORIARTY v. THE STATE.

DECIDED SEPTEMBER 11, 1962—REHEARING DENIED
SEPTEMBER 18, 1962.

*P. C. King, Jr.*, for plaintiff in error.
*C. E. Smith, Jr., Solicitor*, contra.

JORDAN, Judge.  The defendant was tried and convicted in the City Court of Hall County for the offense of assault and battery. His amended motion for new trial was denied and he excepted to that judgment, bringing the case to this court for review.

1.  Special ground 1 of the amended motion, which assigns error en bloc on the refusal of the trial court to give in charge to the jury ten different propositions of law upon the timely written request of the defendant, is without merit since an examination of the record in this case discloses that several of the requested charges were in fact given in charge to the jury by the trial court and that those not given as requested were either inapplicable to any issue in the case or were framed in language which would tend to confuse or mislead the jury. *Ward v. State*, 199 Ga. 203 (2) (33 SE2d 689); *Brock v. State*, 206 Ga. 397 (2) (57 SE2d 279); *A. C. L. R. Co. v. Brown*, 82 Ga. App. 889, 891 (62 SE2d 736); *Cutler-Hammer, Inc. v. Bell*, 84 Ga. App. 316, 319 (66 SE2d 345).

2.  Special ground 2 contends that the court committed error in the following excerpt from the charge to the jury: "The defendant has made a statement in his own defense which he had a right to do, which was not under oath *and he could not be asked any questions.*"  (Italics ours).  It is contended that the italicized portion of the above charge was erroneous since under the decision of the United States Supreme Court in Ferguson v. Georgia, 365 U. S. 570 (81 SC 756, 5 LE2d 783) a defendant in making his unsworn statement to the jury is entitled to the assistance and benefit of counsel; and that the defendant in this case was in fact aided by the interrogation of his counsel in making his statement.  Irrespective of the merits of this con-

tention, this ground of the amended motion shows no cause for reversal of this case; for the record discloses that in the next paragraph of the charge following that complained of the trial judge specifically instructed the jury as follows: "Now, in that regard the court instructs you that under the law of this State that the defendant had a right to have the assistance of his counsel to ask him any questions and assist him or direct him in the making of his statement to the jury." The record further discloses that the court on the trial of this case in the presence of the jury apprised the defendant of the right of benefit of counsel in making his statement and that the defendant availed himself of this right in making his statement to the jury.

3. Under the facts of this case it was not error for the trial court to give the following in charge to the jury: "To beat is not necessarily to whip, wound or strike, but includes any unlawful imposition of the hand, or arm or other object of one person upon another against the will of the other person or against the will of the person alleged to have been assaulted." *Sechler v. State,* 90 Ga. App. 700 (83 SE2d 847).

4. Special ground 4 which contends that the trial court made remarks to the jury, harmful to the defendant, while the defendant was making his unsworn statement, cannot be considered as a ground for new trial since it does not appear in said ground that the defendant's counsel made a motion for mistrial and invoked a ruling thereon. Counsel, having failed to make such motion and having proceeded without objection with the trial, cannot, after conviction, raise in a motion for new trial the question as to the prejudicial nature of the remarks complained of. *Perdue v. State,* 135 Ga. 277 (1) (69 SE 184). An examination of the record, however, discloses that the alleged prejudicial remarks were in fact favorable to the defendant's right to a fair and impartial trial.

5. The evidence adduced on the trial of this case by the State, while strongly controverted by that of the defendant, was sufficient to authorize the verdict rendered; and the general grounds of the motion for new trial are without merit.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*